IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:11 CR 244 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| John D. Chime, II, | |
| Defendant. | |

### INTRODUCTION

Defendants John Chime and Jerry Stackhouse are charged under the mail, wire and bank fraud statutes for allegedly making misrepresentations and providing false documentation to financial institutions and mortgage lenders. Pending before the Court is Defendant Chime's Motion to Dismiss Indictment (Doc. No. 25). The Government opposed (Doc. No. 36) and Defendant replied (Doc. No. 37). Also pending is Defendant Stackhouse's Motion to Join the Motion to Dismiss Indictment (Doc. No. 30), which this Court now grants.

### BACKGROUND

Defendants were indicted pursuant to 18 U.S.C. §§ 1341, 1343, and 1344 on seventeen separate counts of mail, wire, and bank fraud for their roles in the sale of property to Co-Defendant, Rogelio Alonso (Doc. No. 3). The Indictment makes the following allegations:

Between April 2006 and September 2006, Stackhouse sold forty-three rental properties to Alonso and covered all closing costs, which falsely inflated the sales price of the properties (*id.* at

10–11). As part of this scheme, Chime, in his capacity as a mortgage loan broker, supplied potential lenders loan applications that inflated the purchase price, falsely stated the assets of the borrower, falsely stated that the borrower was paying all closing costs, and failed to list all liabilities of the borrower (*id.* at 11). Chime also submitted documentation to lenders indicating that the borrowers had assets in a bank account of over $150,000 in order to attain financing, and Chime directed Stackhouse to purchase cashier's checks listing the borrower as the remitter of the check, which Stackhouse used to pay the closing costs for the borrower (*id.*). Finally, contrary to the lenders' knowledge, the borrower made no down payment on the $2.8 million worth of loans Chime secured to purchase the forty-three properties (*id.*). All this, the Government alleges, was part of Defendants' efforts to defraud financial institutions and mortgage lenders.

## ANALYSIS

Defendants assert that because the Indictment is completely devoid of any mention of the "materiality" of the representations made, it must be dismissed because it does not "set out all of the elements of the charge[d] offense . . . ." *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005). Indeed, the Indictment here does not use the word "material" in reference to the alleged misrepresentations made by Defendants. Defendants are also correct that a conviction under the bank, wire and mail fraud statutes requires a showing that the fraudulent conduct was material, although the statutes do not contain that word. *See Neder v. United States*, 527 U.S. 1, 25 (1999); *United States v. Klein*, 476 F.3d 111 (2d Cir. 2007).

In support of their Motion, Defendants rely on *United States v. Omer*, 395 F.3d 1087 (9th Cir. 2005). In *Omer*, the Ninth Circuit held that "pursuant to *Neder*, materiality of the scheme is an essential element of bank fraud . . . As such, materiality must be alleged in the indictment." *Id.* at

2

1089. Based on its interpretation of *Neder* and the indictment's failure to allege materiality of the defendant's statements, the court reversed the defendant's conviction. However, *Omer* is in direct conflict with mandatory authority from this circuit in *United States v. McAuliffe,* 490 F.3d 526 (6th Cir. 2007).

In *McAuliffe*, the defendant, like Defendants here, was charged with mail fraud for false representations in making an insurance claim. The defendant argued that the indictment was insufficient because it failed to set forth two elements of mail fraud: intent and materiality. *Id.* at 531. The Sixth Circuit, however, noted that "an indictment is not fatally insufficient for its failure to allege these elements *in haec verba*, if the facts alleged in the indictment warrant the inference of such elements, *i.e.*, materiality and intent to defraud." *Id.* at 531–32 (citing *United States v. McGough*, 510 F.2d 598, 602 (5th Cir. 1975) (materiality); *United States v. Hoag*, 823 F.2d 1123, 1126 (7th Cir. 1987) (intent to defraud)).

The court also noted that "[a]n indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *Id.* at 531 (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)). The court then examined the information contained in the indictment, and concluded the indictment was sufficient because it used the language of the statute under which the defendant was charged, including an allegation the defendant "falsely represented" information to his insurance company. The court held the use of the word "fraud" in the indictment necessarily alleged the defendant's misrepresentations were material. *Id.* (quoting *Klein*, 476 F.3d at 113–14) ("[t]he materiality of the misleading conduct or speech is [] at the heart of the word 'fraud.' Conduct or speech that is immaterial -- irrelevant -- to a putative victim cannot be fraud.").

3

The Indictment here, as in *McAuliffe*, quotes the relevant text of the statutes and alleges that Defendants took part in "a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises" (Doc. No. 3 at 1, 10 and 13). It explicitly details Defendants' alleged conduct, including, among other things, "falsely inflat[ing] the purchase price" of properties (Doc. No. 3 at 11), submitting "false documents" to potential mortgage lenders (Doc. No. 3 at 2–4, 11, 13), and making other misrepresentations for the purpose of obtaining mortgage loans (Doc. No. 3 at 2).

By using the words "fraud" and "fraudulent," the Government necessarily identified Defendants' acts as "material." *See McAuliffe*, 490 F.3d at 532–33; *Klein*, 476 F.3d at 113–14. Reading the Indictment as a whole, this Court concludes the Indictment sufficiently alleges the elements of the crimes for which Defendants are charged.

## CONCLUSION

For the foregoing reasons, the Motion of Defendant Stackhouse to Join the Motion to Dismiss Indictment of Defendant Chime (Doc. No. 30) is granted. Defendants' Motion to Dismiss Indictment (Doc. No. 25) is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 4, 2011